IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CARL LEE GRANT,<br>    Plaintiff,<br><br>v.<br><br>FURMANKE, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04187-JEH |

### Merit Review Order

Plaintiff Carl Grant, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 11). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff also seeks leave to proceed *in forma pauperis*. (Doc. 9). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

I

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II

Plaintiff files suit against Defendants Security Therapy Aides Furmanek, Fackrell, Martinez, and S. Allen, Trainee Tomlinson, Assistant Security Director Sandra Ham, Program Director Greg Donathan, Personal Property Coordinator A. Reische, and John Does.

Plaintiff states he was sitting in the dayroom working on his Xbox game controller on March 26, 2025. Defendant Furmanek, who was walking around the dayroom, informed her superior that Plaintiff was doing something dangerous.

On March 27, 2025, Defendants Fackrell, Martinez, Allen, and Tomlinson conducted a shakedown of Plaintiff's cell and confiscated his electronics. Defendants Fackrell and Martinez conducted a pat down search of Plaintiff and questioned Plaintiff about his plastic tweezers. Plaintiff went to his room, retrieved the tweezers, and gave them to Defendant Fackrell. Defendant Fackrell informed Plaintiff that Defendant Ham wanted the tool he had and threatened to conduct another shakedown if Plaintiff did not produce the tool.

Plaintiff claims Defendant Reische held his electronics for eight days during March Madness, which Plaintiff claims constitutes cruel and unusual punishment. Plaintiff also alleges Defendant Reische did not return his Sony and Naxa radios or his Xbox 360 game system.

Plaintiff states he was issued two incident reports. A Behavior Committee hearing was held on April 3, 2025. Plaintiff alleges "the Behavior Committee had already been command[ed] what to do" by Defendant Furmanek because "she only [harasses] the black residents." (Doc. 11 at p. 8).

Plaintiff alleges he filed a grievance, which Defendant Donathan denied.

On May 14, 2025, Security Therapy Aides, who are not named as Defendants, conducted another shakedown of Plaintiff's cell and confiscated his electronics and other items.

### III

Plaintiff claims he was denied his electronics without due process or justification. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL 6054823, at *2 (S.D. Ill. Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted).

Plaintiff asserts Defendant Furmanek orchestrated the shakedown of his cell and the subsequent Behavior Committee hearing because she harasses black residents at Rushville. "The equal protection clause of the Fourteenth Amendment protects individuals against intentional, arbitrary discrimination by government officials." *Lauderdale v. Ill. Dep't of Human Servs.*, 876 F.3d 904, 909–10 (7th Cir. 2017) (quoting *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 577 (7th Cir. 2014)).

"To state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that he: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; [and] (4) was treated differently from members of the unprotected class . . . ." *McPhaul v. Bd. of Comm'rs*, 226 F.3d 558, 564 (7th Cir. 2000), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *see also Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750–51 (7th Cir. 2006).

However, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980)). As such, a "mere inconsistency" in prison management "may not in itself constitute a cognizable equal protection claim." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)). A plaintiff must "do more than establish a reasonable probability that he was the victim of an erroneous decision; he [must] establish a reasonable likelihood that state officials had purposefully and intentionally discriminated against him . . . ." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Plaintiff's sparse and conclusory allegations against Defendant Furmanek are insufficient to proceed on a Fourteenth Amendment claim.

Plaintiff named Program Director Donathan and Assistant Security Director Ham as Defendants, but Plaintiff did not include any specific allegations to demonstrate that Defendants were personally involved in any constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff alleges Defendant Donathan denied his grievance, but Defendant Donathan cannot be liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) ("If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden.") (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)).

There is no *respondeat superior* under § 1983. In other words, Defendants Donathan and Ham cannot be liable solely based on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Donathan and Ham are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff named John Does as Defendants, but he did not include any specific allegations regarding the John Doe Defendants in his Amended Complaint.

Therefore, they are also dismissed without prejudice under Rule 12(b)(6) and § 1915A.

Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim for relief under Rule 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Based on the dismissal of Plaintiff's Amended Complaint, Plaintiff's Motion to Proceed *in forma pauperis* is denied. Plaintiff may file a renewed Motion if he files a Second Amended Complaint.

### IV

Finally, Plaintiff filed a Motion to Request Counsel. (Doc. 8). Plaintiff has no constitutional right to the appointment of counsel. The Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's Motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies

of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff attached only one letter from an attorney who declined to accept his case. Plaintiff has not demonstrated he made reasonable attempt to find counsel on his own. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Request Counsel [8] is DENIED.**

3) **Plaintiff's Motion to Proceed *in forma pauperis* [9] is DENIED. Plaintiff is directed to file a renewed Motion to Proceed *in forma pauperis* if Plaintiff files a Second Amended Complaint.**

*It is so ordered.*

Entered: December 19, 2025

s/Jonathan E. Hawley
U.S. District Judge