IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

CARL LEE GRANT,
    Plaintiff,

v.

    Case No. 4:25-cv-04187-JEH

FURMANKE, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff Carl Grant, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 16). This case is before the Court for a merit review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff also seeks leave to proceed *in forma pauperis*. (Doc. 17). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Second Amended Complaint states a federal claim.

## I

The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

Plaintiff files suit against Personal Property Coordinator A. Reische and Security Therapy Aides Furmanek, Fackrell, Martinez, S. Allen, Tomlinson, Reich, Joshua, Claascen, Donna, and Kindhart.

On March 25, 2025, Plaintiff was sitting at a table in the dayroom and working on his Xbox game controller. Defendant Furmanek was walking around the dayroom and watching Plaintiff. Defendant Furmanek informed her superior that Plaintiff was doing something dangerous.

On March 26, 2025, Defendants Fackrell, Martinez, Allen, and Tomlinson conducted a shakedown of Plaintiff's room and "committed robbery" by confiscating his electronics. (Doc. 16 at p. 5). Plaintiff alleges Defendants should be arrested and charged for impersonating law enforcement officers.

Defendants Fackrell and Martinez called Plaintiff to a small room, conducted a pat down, and questioned him about his plastic tweezers. Plaintiff returned to his room, got the tweezers, and gave them to Defendant Fackrell. Plaintiff alleges he received a search receipt for his tweezers, which were

2

wrongfully considered contraband. Plaintiff received an incident report for a minor violation.

On March 27, 2025, Plaintiff received a major report for damage or misuse of property or for contraband/unauthorized property. Plaintiff alleges this was the second disciplinary report for the same incident.

On April 3, 2025, Plaintiff was called before the Behavior Committee. Plaintiff admitted he worked on toy controllers. Plaintiff claims the facility does not have the right to stop residents from having their personal property repaired. Plaintiff claims the Behavior Committee had already been commanded what to do, as Defendant Furmanek only harasses the black residents.

Plaintiff claims Defendant Reische, the Property Coordinator, held his electronics for eight days during March Madness, which Plaintiff claims constitutes cruel and unusual punishment. Plaintiff also alleges Defendant Reische did not return his radios or his Xbox 360 game system.

On May 14, 2025, Defendants Reich, Joshua, Claasen, Donna, and Kindhart conducted another shakedown of Plaintiff's room and confiscated watch pins, an emery board, remotes, pens, and electronics. Plaintiff's property was returned to him on May 16, 2025. Plaintiff received an incident report for contraband items, including watch pins and an ink pen he chewed on to allegedly form a tool.

### III

Plaintiff claims he was denied his electronics without due process or justification. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL

6054823, at *2 (S.D. Ill. Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted); *see also Turley v. Rednour*, 729 F.3d 645, 653-54 (7th Cir. 2013).

Plaintiff claims Defendants violated his constitutional rights by "impersonating law enforcement officers," conducting shakedowns of his room, and confiscating his property. (Doc. 16 at p. 6). Shakedowns of residents' rooms occur routinely at Rushville, especially if a resident is suspected of having contraband. *See Morris v. Phillips*, No. 09-CV-3221, 2012 WL 606747, at *2 (C.D. Ill. Feb. 24, 2012); *Powers v. Wilcoxen*, No. 18-4059, 2020 WL 5103195, at *2 (C.D. Ill. Aug. 14, 2020). Defendants did not violate Plaintiff's constitutional rights by conducting a shakedown on March 26, 2025 and May 14, 2025.

Plaintiff alleges Defendant Furmanek harasses black residents at Rushville. "The equal protection clause of the Fourteenth Amendment protects individuals against intentional, arbitrary discrimination by government officials." *Lauderdale v. Ill. Dep't of Human Servs.*, 876 F.3d 904, 909–10 (7th Cir. 2017) (quoting *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 577 (7th Cir. 2014)). "To state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that he: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; [and] (4) was treated differently from members of the unprotected class . . . ." *McPhaul v. Bd. of Comm'rs*, 226 F.3d 558, 564 (7th Cir. 2000), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *see also Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750–51 (7th Cir. 2006).

4

However, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980)). As such, a "mere inconsistency" in prison management "may not in itself constitute a cognizable equal protection claim." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)). A plaintiff must "do more than establish a reasonable probability that he was the victim of an erroneous decision; he [must] establish a reasonable likelihood that state officials had purposefully and intentionally discriminated against him . . . ." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Plaintiff's sparse and conclusory allegations against Defendant Furmanek are insufficient to proceed on a Fourteenth Amendment claim.

Although the Court has discretion to permit Plaintiff to file a third amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claims raised in Plaintiff's pleading would be futile. Plaintiff has had multiple opportunities to plead a cognizable claim based on these facts and has failed to do so. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Based on the dismissal of Plaintiff's Second Amended Complaint, Plaintiff's Motion to Proceed *in forma pauperis* is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C.**

5

§ 1915A for failure to state a federal claim upon which relief may be granted. Any further amendment would be futile. The Clerk is directed to enter judgment and close this case.

2) Based on the dismissal of Plaintiff's Second Amended Complaint, Plaintiff's Motion for Leave to Proceed *in forma pauperis* [17] is DENIED.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: March 17, 2026

s/Jonathan E. Hawley
U.S. District Judge

6